■ Good Old Days Tavern, Inc., et al., Respondents-Appellants, v Gerard Zwirn et al., Appellants-Respondents. [686 NYS2d 414] —Order, Supreme Court, New York County (Paula Omansky, J.), entered January 29, 1998, which, *inter alia*, denied defendants' motion for summary judgment dismissing the complaint, but which nonetheless dismissed plaintiffs' first cause of action for legal malpractice in its entirety on the ground that it belonged exclusively to the purchaser of the corporate plaintiff's cause of action and not to plaintiff Day, in his own right, and denied defendant Fischer's motion to substitute himself as sole plaintiff in place of both the individual and corporate plaintiffs pursuant to CPLR 1018, unanimously modified, on the law, to the extent of reinstating plaintiff Day's individual cause of action for legal malpractice, and otherwise affirmed, without costs.

While privity of contract is generally necessary to state a cause of action for attorney malpractice, liability is extended to third parties, not in privity, for harm caused by professional negligence in the presence of fraud, collusion, malicious acts or other special circumstances (*see, Town Line Plaza Assocs. v Contemporary Props.*, 223 AD2d 420; *Estate of Spivey v Pulley*, 138 AD2d 563, 564). The requisite special circumstances exist here since it is clear that plaintiff Day had a relationship with defendant attorney Zwirn tantamount to one of contractual privity. Indeed, plaintiff Day was for all intents and purposes a foreseeable third-party beneficiary of the contract pursuant to which he retained defendant attorney Zwirn to represent Good Old Days Tavern, Inc., of which Day was the president and sole shareholder and from which business he derived his livelihood. In dismissing plaintiffs' first cause of action for legal malpractice in its entirety, the motion court incorrectly found that the entire malpractice claim belonged to the corporate plaintiff and, accordingly, that it had been purchased in its entirety by defendant Fischer in the bankruptcy proceeding to which the corporate plaintiff was subject. As noted, however, plaintiff Day had standing to assert claims for malpractice in his own right, which claims were not and could not have been transferred as part of the bankrupt corporation's estate.

As to those malpractice claims that did pass as part of the bankrupt's estate, the motion court properly determined that defendant Fischer, their purchaser, would not be substituted as a plaintiff for the purpose of their assertion. Given Fischer's three-year delay in asserting the purchased claim and the highly questionable circumstances attending the purchase, it was well within the court's discretion to deny Fischer's motion

for substitution (*see,* CPLR 1018; *Greek Peak v Grodner,* 155 AD2d 827).

Finally, we note that the principles of res judicata and collateral estoppel are inapplicable herein for the very basic reason that the claims defendants would preclude have never been adjudicated. Concur—Rosenberger, J. P., Wallach, Rubin and Andrias, JJ.