■ ANTHONY M. SCHIAVETTI, Plaintiff, v A & L, INC., et al., Defendants. A & L, INC., Third-Party Plaintiff-Appellant, v CATOH, a Division of HAYWARD BAKER, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [824 NYS2d 750]— Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered June 7, 2005. The order, insofar as appealed from, granted the motion of third-party defendant CATOH, a Division of Hayward Baker, seeking dismissal of the third-party complaint against it.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the third-party complaint is reinstated.

Memorandum: Supreme Court erred in granting the motion of third-party defendant CATOH, a Division of Hayward Baker (Hayward Baker), seeking dismissal of the third-party complaint against it pursuant to CPLR 3211 (a) (1) and (7). "Dismissal under CPLR 3211 (a) (1) is warranted 'only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law'" (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002], quoting *Leon v Martinez*, 84 NY2d 83, 88 [1994]). Contrary to the contention of Hayward Baker, the documentary evidence does not conclusively establish a defense to the asserted claims in the third-party complaint that third-party plaintiff is entitled to contractual indemnification and that Hayward Baker failed to "provide insurance coverage [for the benefit of third-party plaintiff] pursuant to the contractual agreement" (*see generally AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 590-591 [2005]; *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326-327 [2002]; *Leon*, 84 NY2d at 88). We further conclude that the facts set forth in the third-party complaint

state causes of action against Hayward Baker for contractual indemnification and breach of contract. Finally, we note that, although the court issued a subsequent order granting in part the motion of third-party plaintiff seeking leave to renew its opposition to the motion to dismiss, the instant appeal is not affected by that order because the order is not dispositive of the issues before us on this appeal (*see* CPLR 5517 [a] [3]; [b]). Present—Hurlbutt, A.P.J., Scudder, Gorski and Smith, JJ.