Eaglehill Genpar LLC v FPCG, LLC (2020 NY Slip Op 06709)





Eaglehill Genpar LLC v FPCG, LLC


2020 NY Slip Op 06709


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Manzanet-Daniels, J.P., Singh, Scarpulla, Shulman, JJ. 


Index No. 655135/19 Appeal No. 12405 Case No. 2020-01801 

[*1]Eaglehill Genpar LLC et al., Plaintiffs-Respondents,
v
FPCG, LLC Doing Business as Focuspoint Private Capital Group, Defendant-Appellant.


Lazare Potter Giacovas & Moyle LLP, New York (Lainie E. Cohen of counsel), for appellant.
Shlansky Law Group, LLP, New York (Travis M. Tatko of counsel), and Shlansky Law Group, LLP, Chelsea, MA (Colin R. Hogan of the bar of the Commonwealth of Massachusetts, the State of Vermont and State of California, admitted pro hac vice of counsel), for respondents.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered January 31, 2010, which, to the extent appealed from as limited by the briefs, denied defendant FPCG, LLC doing business as Focuspoint Private Capital Group's (FPCG) motion to dismiss the complaint by plaintiffs Eaglehill Genpar LLC and Eaglehill Advisors LLC (collectively Eaglehill), with respect to the first cause of action for breach of contract, unanimously affirmed, with costs.
On or about June 13, 2016, Eaglehill and FPCG entered into a written letter agreement. Among other things, the Agreement discusses placement fees, and provides that future payments of the fees were subject to a "Reduction Clause." The Reduction Clause states that if there was a reduction in placement fees paid to Eaglehill, then "future installments of the [placement fees] due [to FPCG]" would be reduced dollar for dollar "for whom an [installment] is due to be paid on a [placement fee] [p]ayment [d]ate." The Agreement also states that "[n]o waiver, amendment or other modification of the Agreement shall be effective unless in writing and signed by each party to the Agreement."
In August 2017, Eaglehill emailed FPCG requesting to prepay the "[placement] fees so that we minimize the interest charge." FPCG consented. In December 2017, FPCG emailed Eaglehill requesting that Eaglehill again prepay the placement fees, since "[FPCG Managing Principal] has a daughter arriving in about six weeks and if you thought there was a way to accelerate the pay period on that commitment, that would be huge for him." Eaglehill consented and prepaid the placement fees.
In or around May 2018, approximately four months after Eaglehill made full prepayment of placement fees, Eaglehill claimed that a "key man" event had occurred, thus reducing Eaglehill's management fees. Eaglehill then claimed that it had "significantly overpaid" FPCG, and that even though the placement fees had been prepaid, they were nonetheless "future installments" subject to the Reduction Clause of the Agreement. FPCG responded by claiming that the Agreement clearly provided that "any reductions would only be applicable to future installments." Eaglehill then sent FPCG a "reimbursement" invoice for $218,066. FPCG refused to return the monies, maintaining that the prepayment of the placement fee was not subject to the Reduction Clause.
On September 6, 2019, Eaglehill filed its complaint against FPCG, alleging, among other things, breach of contract. On October 18, 2019, FPCG moved to dismiss the complaint pursuant to CPLR 3211(a)(1) and (a)(7), based upon documentary evidence and for failure to state a claim. FPCG argued that the parties modified the Agreement via email confirming the acceleration of the payment of placement fees owed to FPCG, and that, once paid, there were no unpaid "future installments" that could be reduced. Eaglehill countered that the plain language of the Agreement permits it to recoup its payment from FPCG.
Supreme Court denied dismissal of the first cause of action, finding that the documentary evidence was insufficient to refute Eaglehill's claims. FPCG appeals.
We affirm. Where a motion seeks dismissal on the basis of documentary evidence, the complaint will not be dismissed unless the documentary evidence "conclusively refutes" the allegations (see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591 [2005]). Additionally, "[i]n construing a contract, one of a court's goals is to avoid an interpretation that would leave contractual clauses meaningless" (Two Guys from Harrison-N.Y., Inc. v S.F.R. Realty Assoc., 63 NY2d 396, 403 [1984]).
Here, as noted above, the Agreement states that "future installments of the Placement Fee due [to FPCG] in respect of such Eligible Commitments made by such an Offeree in the Fund shall be reduced on a dollar-for-dollar basis". It also provides that after the first installment, "each of the remaining Equal Installment[s] shall be due and payable within five (5) days from the end of each full calendar quarter". FPCG's interpretation of the Agreement to mean that the placement fee was due or payable before being "earned", ignores this plain language, and renders the clause meaningless. Accordingly, the documentary evidence does not utterly refute the allegations in the first cause of action sounding in breach of contract.
Additionally, FPCG's contention that the parties modified the Agreement via the email exchanges ignores the plain language of the Agreement. The Agreement states that modification of the Agreement is not effective unless it is in writing and signed by each party. Here, the email exchanges do not conclusively establish the parties' intent to modify the Agreement (see Kasowitz, Benson, Torres & Friedman, LLP v Duane Reade, 98 AD3d 403 [1st Dept 2012], affd 20 NY3d 1082 [2013]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020