Rosenbaum v Myers (2021 NY Slip Op 00640)





Rosenbaum v Myers


2021 NY Slip Op 00640


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Shulman, JJ. 


Index No. 652971/19 Appeal No. 13027 Case No. 2020-01769 

[*1]Thane Rosenbaum, Plaintiff-Appellant,
v
Roslyn Myers, Defendant-Respondent.


Yankwitt LLP, White Plains (Benjamin R. Allee of counsel), for appellant.
Friedman Kaplan Seiler & Adelman LLP, New York (Robert S. Smith of counsel), for respondent.



Order, Supreme Court, New York County (Lucy Billings, J.), entered February 28, 2020, which granted defendant's motion to dismiss pursuant to CPLR 3211(a)(1), unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff seeks to enforce an acknowledgment of debt (AOD) between the parties, drafted by defendant, an attorney, which promised plaintiff 25% of the net proceeds from the sale of real property owned by defendant, which she received as a distributive award in her divorce. To prevail on a motion pursuant to CPLR 3211(a)(1) to dismiss a complaint, the defendant must show that the documentary evidence utterly refutes the plaintiff's allegations, thereby conclusively establishing a defense as a matter of law (see e.g. AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 590-591 [2005]). For public policy reasons, matrimonial lawyers are barred from recovery of legal fees where they fail to comply with rules pertaining to domestic relations matters (22 NYCRR part 1400) or to enter into a contingency fee agreement for legal fees premised on the client securing a divorce "or in any way determined by reference to the amount of maintenance, support, equitable distribution or property settlement" (Ross v DeLorenzo, 28 AD3d 631, 633-634 [2d Dept 2006] [citation omitted]).
Here, we find that defendant failed to utterly refute plaintiff's breach of contract claim. Although defendant contends that the AOD was, at least in part, a contingency fee agreement for matrimonial legal services provided by plaintiff, and thus not enforceable, the plain terms of the AOD and the timing of its execution — after defendant's former husband had already transferred his interest in the property to defendant — do not conclusively support such defense. Further, the record reveals that plaintiff, who was romantically involved with defendant at the time and not a matrimonial lawyer, only became her attorney of record almost a year after she and her former husband had already entered into an oral stipulation of settlement resolving the issues ancillary to the divorce. While it is undisputed that plaintiff did not comply with the rules governing matrimonial actions (see 22 NYCRR part 1400), defendant also admits that she did not expect plaintiff to charge her for his legal assistance in her divorce and, from the record, plaintiff's involvement in the actual divorce proceedings was limited. Under these circumstances, defendant's motion to dismiss pursuant to CPLR 3211(a)(1) should have been denied. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021