Matter of Mattone Group Springnex, LLC v CFM Dev., LLC (2024 NY Slip Op 01925)

Matter of Mattone Group Springnex, LLC v CFM Dev., LLC

2024 NY Slip Op 01925

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2021-05590
 (Index No. 719775/20)

[*1]In the Matter of Mattone Group Springnex, LLC, respondent, 
v
CFM Development, LLC, appellant.

Wilk Auslander LLP, New York, NY (M. William Scherer of counsel), for appellant.
Farrell Fritz, P.C., New York, NY (Peter A. Mahler and Franklin C. McRoberts of counsel), for respondent.

DECISION & ORDER
In a proceeding, inter alia, pursuant to Limited Liability Company Law § 1005 and Business Corporation Law § 623 to determine the fair value of a former membership interest in the petitioner, Mattone Group Springnex, LLC, CFM Development, LLC, appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered June 29, 2021. The order, insofar as appealed from, denied that branch of the cross-motion of CFM Development, LLC, which was pursuant to CPLR 3211(a)(1) to dismiss the petition.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The petitioner, Mattone Group Springnex, LLC (hereinafter the Mattone Group), which is a limited liability company comprised of members of the Mattone family, holds a ground lease to a shopping center located in Queens. In 2013, Carl Mattone, one of the Mattone Group's members, allegedly assigned his membership interest in the Mattone Group to CFM Development, LLC (hereinafter CFM). Carl Mattone is the controlling member of CFM. The Mattone Group alleged that in September 2020, the majority of its members executed an agreement to merge its wholly-owned subsidiary, MGS SUB, LLC, with and into the Mattone Group. The merger agreement included a provision that on September 30, 2020, the effective date of the merger, CFM's interest in the Mattone Group "shall be converted for consideration" in the sum of $4,000,000. On October 1, 2020, the Mattone Group sent CFM a "Notice of Merger and Dissenters' Rights" and thereafter, CFM served the Mattone Group with a written notice of its election to dissent to the merger. The Mattone Group made an offer to CFM to purchase CFM's former interest in the Mattone Group for $4,000,000, but CFM refused the offer. Thereafter, the Mattone Group commenced this proceeding against CFM, inter alia, pursuant to Limited Liability Company Law § 1005 and Business Corporation Law § 623 to determine the fair value of the membership interest formerly held by Carl Mattone and allegedly assigned to CFM.
CFM cross-moved, inter alia, pursuant to CPLR 3211(a)(1) to dismiss the petition. In support of that branch of the cross-motion, CFM contended that Carl Mattone did not validly assign his interest in the Mattone Group to CFM. In the order appealed from, the Supreme Court, among other things, denied that branch of the cross-motion. CFM appeals.
On a motion to dismiss pursuant to CPLR 3211, the pleadings are afforded a liberal construction and the plaintiff is accorded the benefit of every possible favorable inference (see Goshen Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 87). Pursuant to CPLR 3211(a)(1), dismissal is warranted "only where the documentary evidence utterly refutes" the factual allegations of the pleadings, conclusively establishing a defense as a matter of law (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Leon v Martinez, 84 NY2d 83, 88). Here, CFM failed to demonstrate that dismissal was warranted, as the documentary evidence it submitted in support of that branch of the cross-motion which was pursuant to CPLR 3211(a)(1) to dismiss the petition did not utterly refute the factual allegations of the petition or conclusively establish a defense as a matter of law (see generally AG Capital Funding Partners, L.P v State St. Bank & Trust Co., 5 NY3d 582, 591; Route 202 Rest., LLC v Old Crompond Rd., LLC, 166 AD3d 1035, 1036). Accordingly, the Supreme Court properly denied that branch of CFM's cross-motion which was pursuant to CPLR 3211(a)(1) to dismiss the petition.
BRATHWAITE NELSON, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court