Hart v Theatre Three Prods., Inc. (2026 NY Slip Op 01187)

Hart v Theatre Three Prods., Inc.

2026 NY Slip Op 01187

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2024-03331
 (Index No. 617535/19)

[*1]Robert Hart, plaintiff, 
vTheatre Three Productions, Inc., defendant third-party plaintiff-respondent, et al., defendants; .P. Plumbing & Heating, LLC, third-party defendant-appellant.

Kelly, Rode & Kelly, LLP, Mineola, NY (Erica P. Tosca of counsel), for third-party defendant-appellant.
Tyson & Mendes, LLP, New York, NY (Faizan Habeeb of counsel), for defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated January 10, 2024. The order, insofar as appealed from, denied the third-party defendant's cross-motion pursuant to CPLR 3211(a) to dismiss the third-party complaint or, in the alternative, to sever the third-party action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the third-party defendant's cross-motion which was pursuant to CPLR 3211(a) to dismiss the third-party complaint is granted, and that branch of the third-party defendant's cross-motion which was, in the alternative, to sever the third-party action is denied as academic.
On December 6, 2018, the plaintiff was employed by the third-party defendant, V.P. Plumbing & Heating, LLC (hereinafter VP Plumbing), and was working at a property owned by the defendant third-party plaintiff, Theatre Three Productions, Inc. (hereinafter Theatre Three). The plaintiff allegedly was injured when a boiler that he was carrying with two other employees fell on top of him. In 2019, the plaintiff commenced this action against, among others, Theatre Three to recover damages for personal injuries. In March 2023, Theatre Three commenced a third-party action against VP Plumbing, alleging, inter alia, that it was entitled to contractual indemnification, common-law indemnification, and contribution from VP Plumbing. In June 2023, Theatre Three moved for summary judgment dismissing all claims and cross-claims insofar as asserted against it. VP Plumbing cross-moved pursuant to CPLR 3211(a) to dismiss the third-party complaint or, in the alternative, to sever the third-party action. In an order dated January 10, 2024, the Supreme Court, among other things, denied VP Plumbing's cross-motion. VP Plumbing appeals.
"A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted 'only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Smith v Bank of N.Y. Mellon, 237 AD3d 1128, 1129, quoting Goshen v Mutual Life Ins. Co. [*2]of N.Y., 98 NY2d 314, 326). "On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference" (Cassese v SVJ Joralemon, LLC, 168 AD3d 667, 668; see Leon v Martinez, 84 NY2d 83, 87-88). "In assessing a motion under CPLR 3211(a)(7), a court may freely consider affidavits and other evidence submitted by the plaintiff to remedy any defects in the complaint" (Cassese v SVJ Joralemon, LLC, 168 AD3d at 668-669; see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Cassese v SVJ Joralemon, LLC, 168 AD3d at 669; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Workers' Compensation Law § 11(1) prohibits most third-party causes of action for indemnification and contribution against an employer unless the employee has sustained a "grave injury" or there is "a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the claimant" (see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 367; Velazquez-Guadalupe v Ideal Bldrs. & Constr. Servs., Inc., 216 AD3d 63, 71-73). As such, the failure to plead or evince a grave injury or the existence of an express contractual obligation will be fatal to any contribution or indemnification cause of action asserted against an employer (see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d at 367; Velazquez-Guadalupe v Ideal Bldrs. & Constr. Servs., Inc., 216 AD3d at 71-74). Grave injury is defined as "death, permanent and total loss of use or amputation of an arm, leg, hand or foot, loss of multiple fingers, loss of multiple toes, paraplegia or quadriplegia, total and permanent blindness, total and permanent deafness, loss of nose, loss of ear, permanent and severe facial disfigurement, loss of an index finger or an acquired injury to the brain caused by an external physical force resulting in permanent total disability" (Workers' Compensation Law § 11[1]).
Here, VP Plumbing established its entitlement to dismissal of the third-party causes of action for common-law indemnification and contribution pursuant to CPLR 3211(a)(7) because the third-party complaint failed to allege that the plaintiff suffered a "grave injury" (see Cassese v SVJ Joralemon, LLC, 168 AD3d at 669). Moreover, VP Plumbing established its entitlement to dismissal of the third-party cause of action for contractual indemnification pursuant to CPLR 3211(a)(1) and (7) by submitting evidence showing that there was no indemnification provision in its agreement with Theatre Three, which "utterly refute[d] the plaintiff's factual allegations" regarding contractual indemnification (Smith v Bank of N.Y. Mellon, 237 AD3d at 1129), and demonstrated that VP Plumbing's purported duty to indemnify is "not a fact at all" (see Malan v QPS 23-10 Dev., LLC, 237 AD3d 802).
Accordingly, the Supreme Court should have granted that branch of VP Plumbing's cross-motion which was pursuant to CPLR 3211(a) to dismiss the third-party complaint.
In light of our determination, VP Plumbing's remaining contentions are academic.
CHAMBERS, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court