■ Concetta Frato, Appellant, v Roadway Express, Inc., et al., Appellants, and General Motors Acceptance Corporation, Respondent, et al., Defendant. Helen Zakinthinos, Appellant, v Roadway Express, Inc., et al., Appellants, and General Motors Acceptance Corporation, Respondent, et al., Defendants. [633 NYS2d 480] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered September 1, 1994, which granted the motion of defendant General Motors Acceptance Corporation ("GMAC") for summary judgment dismissing the complaints and cross-claims against it, unanimously affirmed, without costs.

Under New York's choice of law rules, the IAS Court correctly determined that New Jersey law is applicable to these personal injury actions by New Jersey domiciliaries and bars all claims against GMAC (*see, Schultz v Boy Scouts*, 65 NY2d 189; *Haggerty v Cedeno*, 279 NJ Super 607, 609, 653 A2d 1166, 1167-1168, *cert denied* 141 NJ 98, 660 A2d 1197). New York's and New Jersey's conflicting rules relate to allocating losses that result from admittedly tortious conduct. Accordingly, New York has only a minimal interest in determining the extent of the remedy in these actions by foreign domiciliaries. Although plaintiffs have presented compelling evidence that GMAC is a New York domiciliary, it is clear that New Jersey has the most significant relationship with this case since GMAC leased, registered and insured the car in that State. Concur—Sullivan, J. P., Ellerin, Wallach and Asch, JJ.