■ EDWARD BLATZ, Appellant, v WESTINGHOUSE ELECTRIC CORPORATION, Defendant and Third-Party Plaintiff-Respondent. PUBLIC SERVICE ELECTRIC & GAS, Third-Party Defendant. [712 NYS2d 375] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Weiner, J.), entered June 16, 1999, which granted the motion of the defendant Westinghouse Electric Corporation for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant Westinghouse Electric Corporation (hereinafter Westinghouse), a Pennsylvania corporation at the time of the accident and the commencement of this action, manufactured a transformer pursuant to specifications given to it by the third-party defendant, Public Service Electric & Gas (hereinafter PSE&G), a New Jersey corporation. The transformer was then shipped to a PSE&G substation located in New Jersey.

The plaintiff, a New York resident, was employed by PSE&G as a mechanic at the substation, and was injured when the transformer exploded. After the plaintiff commenced this action, Westinghouse moved for summary judgment, contending that New Jersey Statutes Annotated, title 2A, § 14-1.1, barred the action. In pertinent part, that statute provides that claims arising out of defective and unsafe conditions of improvements to real property are barred where the claims are made more than 10 years after the construction or furnishing of the improvements (*see,* NJ Stat Annot, tit 2A, § 14-1.1). The parties do not dispute that the transformer at issue constitutes an improvement to PSE&G's real property within the meaning of the statute.

The Supreme Court properly determined that New Jersey Statutes Annotated, title 2A, § 14-1.1, constitutes a statute of repose and is a substantive law for purposes of New York choice of law analysis (*see, Tanges v Heidelberg N. Am.,* 93 NY2d 48; *see also, Ebert v South Jersey Gas Co.,* 157 NJ 135, 723 A2d 599; *Newark Beth Israel Med. Ctr. v Gruzen & Partners,* 124 NJ 357, 590 A2d 1171; *E. A. Williams, Inc. v Russo Dev. Corp.,* 82 NJ 160, 411 A2d 697; *O'Connor v Altus,* 67 NJ 106, 335 A2d 545; *Rosenberg v Town of N. Bergen,* 61 NJ 190, 293 A2d 662;

*Van Slyke v Worthington,* 265 NJ Super 603, 628 A2d 386). The Supreme Court also correctly determined that under New York choice of law rules, the New Jersey statute is applicable to this action *(see, Tanges v Heidelberg N. Am., supra; Padula v Lilarn Props. Corp.,* 84 NY2d 519, 521; *Cooney v Osgood Mach.,* 81 NY2d 66, 73-80; *Frato v Roadway Express,* 221 AD2d 187; *Roach v McGuire & Bennett,* 146 AD2d 89, 93). Mangano, P. J., Thompson, Krausman and Feuerstein, JJ., concur.