BARRY BROWN, Appellant, v HIMAN BROWN, Respondent. [785 NYS2d 417]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered June 20, 2003, which granted defendant's motion to dismiss the first, second, third, fourth, fifth, sixth, eighth and ninth causes of action of the complaint, unanimously affirmed, with costs.

In this dispute between plaintiff and his father concerning an alleged breach of certain oral agreements, as well as defendant's separation agreement in connection with his divorce from plaintiff's mother, enforcement of the purported oral promises was barred by the statute of frauds (EPTL 13-2.1 [a] [2]; General Obligations Law § 5-701 [a] [1]; see Dombrowski v Somers, 41 NY2d 858 [1977]). As for the separation agreement, even assuming that plaintiff, as a beneficiary, would have standing to enforce a contract to which he was not a party, an agreement to make a will generally is enforceable only after the death of the promisor (see Rubin v Irving Trust Co., 305 NY 288, 298 [1953]). Plaintiff is thus precluded from maintaining an action predicated, in effect, on an anticipatory breach of a contract to make a testamentary provision for him during his father's lifetime. "Beneficiaries enjoy only expectancy interests and not vested legal rights" (Blackmon v Estate of Battcock, 78 NY2d 735, 739 [1991]).

Plaintiff's allegations of breach of contract are not salvaged by his assertion of partial performance (see Stephen Pevner, Inc. v Ensler, 309 AD2d 722 [2003]), and his claims for promissory estoppel, unjust enrichment and fraud are precluded by the fact that a simple breach of contract claim may not be considered a tort unless a legal duty independent of the contract—i.e., one arising out of circumstances extraneous to, and not constituting elements of, the contract itself—has been violated (Clark-

*Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]). The requirement of a writing may not be circumvented by recasting the action as one seeking damages in tort (*see J.E. Capital v Karp Family Assoc.*, 285 AD2d 361, 362 [2001]). In any event, the tort claims were merely duplicative of the insufficiently pleaded breach of contract causes of action herein.

We have considered plaintiff's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Williams, Friedman, Gonzalez and Catterson, JJ.