■ SHEILA COHEN FRIEDMAN, Appellant, v JUAN ROMAN, Also Known as JOHN ROMAN, Respondent. [885 NYS2d 740]—

In an action for a divorce and ancillary relief, in which the defendant counterclaimed for a declaration that the parties' marital agreement was invalid and unenforceable, the plaintiff ap-

peals from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Cohen, J.), dated December 31, 2007, as denied her motion, in effect, for summary judgment declaring that the parties' marital agreement is valid and enforceable, granted that branch of the defendant's cross motion which was for summary judgment declaring that the marital agreement is invalid and unenforceable, and declared that the marital agreement "shall be of no further force and effect."

Ordered that the order and judgment is modified, on the law, by (1) deleting the provision thereof granting that branch of the defendant's cross motion which was for summary judgment declaring that the subject agreement is invalid and unenforceable and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof declaring that the marital agreement "shall be of no further force and effect;" as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the complaint.

"Generally, courts will enforce a choice-of-law clause so long as the chosen law bears a reasonable relationship to the parties or the transaction" (*Welsbach Elec. Corp. v MasTec N. Am., Inc.,* 7 NY3d 624, 629 [2006]). Here, the Supreme Court properly determined that the New Jersey choice-of-law provision contained in the parties' marital agreement will be enforced. Accordingly, the matter must be analyzed pursuant to New Jersey law.

However, under the circumstances of this case, the Supreme Court erred in concluding, as a matter of law, that the parties' marital agreement was an invalid and unenforceable "mid-marriage" agreement (*Pacelli v Pacelli,* 319 NJ Super 185, 725 A2d 56 [1999]). Although the subject agreement was executed shortly after the parties' marriage, the record reveals triable issues of fact as to whether it constituted a valid and enforceable "premarital agreement" (NJ Stat Ann § 37:2-38; *see Harrington v Harrington,* 281 NJ Super 39, 656 A2d 456 [1995]). Accordingly, the matter must be remitted to the Supreme Court, Suffolk County, for further proceedings on the complaint. Rivera, J.P., Santucci, Chambers and Hall, JJ., concur.