■ Kristin Lupien, Appellant, v Gordon Lupien, Jr., Respondent. [891 NYS2d 785]—

Memorandum: Supreme Court properly denied plaintiff's motion in this divorce action seeking an order determining that the parties' premarital agreement is not valid and enforceable as an opting out agreement pursuant to Domestic Relations Law § 236 (B) (3). The premarital agreement, which was signed by the parties in Massachusetts at a time when both parties resided there, contains a choice of law clause providing that "[t]he validity and construction of this Agreement shall be determined in accordance with the laws of the Commonwealth of Massachusetts." It is well settled that courts will enforce a choice of law clause " 'so long as the chosen law bears a reasonable relationship to the parties or the transaction' " (*Friedman v Roman*, 65 AD3d 1187, 1188 [2009], quoting *Welsbach Elec. Corp. v MasTec N. Am., Inc.*, 7 NY3d 624, 629 [2006]). "[G]iven the 'strong public policy favoring individuals ordering and deciding their own interests through contractual arrangements' " (*Van Kipnis v Van Kipnis*, 11 NY3d 573, 577 [2008], quoting *Bloomfield v Bloomfield*, 97 NY2d 188, 193 [2001]), we see no reason to disregard the parties' intent to apply the law of Massachusetts, the state in which the parties resided when they signed the agreement and the state in which they signed it (*see Friedman*, 65 AD3d at 1188; *see generally Lederman v Lederman*, 203 AD2d 182 [1994]). Finally, insofar as the statement of the court "that the terms of the agreement seem clear and reasonable" may be deemed to be a determination that the terms of the agreement "were fair and reasonable at the time of the making of the agreement and are not unconscionable" (Domestic Relations Law § 236 [B] [3]), we note that the statute expressly provides that such a determination is to be made "at the time of entry of final judgment" (*id.*), and thus such a determination is not to be made at this juncture of the litigation. Present—Scudder, P.J., Hurlbutt, Smith and Centra, JJ.