■ Astoria Federal Mortgage Corp., Appellant, v Theodora Pellicane, as Executor of Frank M. Pellicane, Respondent, et al., Defendant. [913 NYS2d 228]—

In an action to recover upon a personal guaranty brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated August 10, 2009, as denied that branch of its motion which was to recover upon the guaranty against the defendant Theodora Pellicane, as executor of the estate of Frank M. Pellicane, and granted the cross motion of the defendant Theodora Pellicane, as executor of the estate of Frank M. Pellicane, for summary judgment dismissing the action insofar as asserted against her pursuant to Florida Statutes Annotated § 733.710.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff brought this action to recover upon a personal guaranty signed by Frank M. Pellicane, the defendant Theodora Pellicane's decedent, and the defendant Vincent J. Pellicane in connection with a construction loan. The loan documents provided that the transaction was to be governed by Florida law. "Generally, courts will enforce a choice-of-law clause so long as the chosen law bears a reasonable relationship to the parties or the transaction" (*Welsbach Elec. Corp. v MasTec N. Am., Inc.*, 7 NY3d 624, 629 [2006]; *see Cooney v Osgood Mach.*, 81 NY2d 66, 70-71 [1993]). Here, the Supreme Court properly determined that the Florida choice-of-law provision contained in construction loan documents entered into between the plaintiff, as lender, and nonparty, Lely Landings of Southwest Florida, LLC (hereinafter Lely Landings), as borrower, should be enforced since, among other things, Lely Landings was a Florida limited liability company and the property that was the subject of the transaction is located in Florida (*see Welsbach Elec. Corp. v MasTec N. Am., Inc.*, 7 NY3d at 629; *Lupien v Lupien*, 68 AD3d 1807 [2009]; *Hageman v Home Depot U.S.A., Inc.*, 45 AD3d 732, 734 [2007]).

The Supreme Court also properly determined that under New York choice-of-law analysis, Florida Statutes Annotated § 733.710 (1), which provides, in pertinent part, that "2 years after the death of a person, neither the decedent's estate, the personal representative, if any, nor the beneficiaries shall be liable for any claim or cause of action against the decedent,

whether or not letters of administration have been issued," constitutes a statute of nonclaim, which is considered a substantive law for purposes of New York choice-of-law analysis, and is applicable to this action (*see Tanges v Heidelberg N. Am.*, 93 NY2d 48, 54-58 [1999]; *Blatz v Westinghouse Elec. Corp.*, 274 AD2d 491 [2000]; *see also May v Illinois Natl. Ins. Co.*, 771 So 2d 1143, 1154-1157 [Fla 2000]). The plaintiff did not serve its first notice of claim upon the Estate of Frank Pellicane to recover upon the personal guaranty that was executed, as part of the construction loan, by the principals of Lely Landings, Frank M. Pellicane and the defendant Vincent Pellicane, until more than two years after Frank M. Pellicane's death. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment to recover upon the personal guaranty against the defendant Theodora Pellicane, as executor of the estate of Frank M. Pellicane, and granted that defendant's cross motion for summary judgment dismissing the action insofar as asserted against her pursuant to Florida Statutes Annotated § 733.710.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Fisher, Leventhal and Belen, JJ., concur.