■ BROWN BARK III, L.P., Respondent, v AGBL ENTERPRISES, LLC, et al., Appellants. [924 NYS2d 571]—

In an action, inter alia, to recover on a promissory note and guarantees, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Emerson, J.), entered April 13, 2010, which, upon an order of the same court dated February 22, 2010, denying their motion, inter alia, in effect, for summary judgment dismissing the complaint pursuant to CPLR 3211 (a) (8), and granting the plaintiff's cross motion for summary judgment on the complaint and dismissing their affirmative defenses and counterclaims, is in favor of the plaintiff and against the defendant AGBL Enterprises, LLC, in the principal sum of $875,516.15, and is in favor of the plaintiff and against the defendants Frank Romeo and Connie Yang in the principal sum of $800,113.81.

Ordered that the judgment is reversed, on the law, with costs, the plaintiff's cross motion for summary judgment on the complaint and dismissing the affirmative defenses and counterclaims is denied, and the order dated February 22, 2010, is modified accordingly.

Contrary to the defendants' contentions, the New York courts have jurisdiction over this matter pursuant to CPLR 302 since there are sufficient contacts with New York (*see Opticare Acquisition Corp. v Castillo*, 25 AD3d 238, 243 [2005]). Here, the subject loan documents were executed in New York, the notice provisions in the documents listed a West Babylon, New York, address for all three defendants, the corporate defendant, AGBL Enterprises, LLC (hereinafter AGBL), listed a New York address with the Florida Secretary of State until July 2009 for service purposes, and the individual defendants, Frank Romeo and Connie Yang, had been issued New York driver's licenses, owned real property in New York, and maintained post office boxes in New York (*see George Reiner & Co. v Schwartz*, 41

NY2d 648, 652 [1977]; *Opticare Acquisition Corp. v Castillo*, 25 AD3d at 243). In addition, since the forum selection clauses in the subject loan documents contain no mandatory language binding the parties to litigate this action in Florida, jurisdiction is not limited to that forum (*see Brooke Group v JCH Syndicate 488*, 87 NY2d 530 [1996]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was, in effect, for summary judgment dismissing the complaint pursuant to CPLR 3211 (a) (8).

Nevertheless, the defendants are correct that Florida law applies to the resolution of this action. Generally, choice-of-law clauses are enforced so long as the chosen law bears a reasonable relationship to the parties or the transaction, and the chosen law does not violate public policy (*see Welsbach Elec. Corp. v MasTec N. Am., Inc.*, 7 NY3d 624, 629 [2006]; *Astoria Fed. Mtge. Corp. v Pellicane*, 78 AD3d 622, 623 [2010]). Here, the loan documents unequivocally state that they are governed by Florida law. Florida law bears a reasonable relationship to the parties and the transaction inasmuch as the loan was made for construction on property in Florida, the funds were disbursed in Florida, Romeo and Yang are Florida residents, and AGBL is a limited liability company organized under the laws of Florida. Moreover, the application of Florida law with respect to this action would not violate any public policy of New York.

While the plaintiff established its prima facie entitlement to judgment as a matter of law, in response, the defendants raised triable issues of fact regarding the plaintiff's claim that it is a holder in due course not subject to defenses or counterclaims (*see* UCC 3-302 [1]; 3-305). Contrary to the plaintiff's contentions, 12 USC § 1823 (e) does not preclude the defenses asserted here (*see D'Oench, Duhme & Co. v FDIC*, 315 US 447 [1942]). Accordingly, the Supreme Court should have denied the plaintiff's cross motion for summary judgment on the complaint and dismissing the affirmative defenses and counterclaims.

The parties' remaining contentions are without merit. Mastro, J.P., Leventhal, Austin and Cohen, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30428(U).]**