■ EDWARD TRETTER, Appellant, v AGNES TRETTER, Respondent. [55 NYS3d 301]—

In an action, inter alia, to permanently enjoin the defendant from revoking her last will and testament dated May 14, 1997, or from executing any codicil thereto, or from executing any further will, and from gifting, selling, conveying, transferring, and/or assigning any assets inherited by her from her late husband's residuary estate, and for a judgment declaring that any revocation by the defendant of her last will and testament dated May 14, 1997, or execution of any codicil thereto, or any further will executed by the defendant, or any transfers by the defendant of the assets inherited by her from her late husband's residuary estate, are null and void as barred by a contract between the defendant and her late husband, the plaintiff appeals from an order of the Supreme Court, Kings County (Toussaint, J.), dated October 31, 2014, which (a) denied his motion for a preliminary injunction enjoining the defendant from gifting, selling, conveying, transferring, and/or assigning any assets inherited by her from her late husband's residuary estate, and further enjoining the defendant from revoking her last will and testament dated May 14, 1997, or executing any codicil thereto, or executing any further will, and (b) granted the defendant's cross motion pursuant to CPLR 3211 (a) (1) and (7).

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that any revocation by the defendant of her last will and testament dated May 14, 1997, or

execution of any codicil thereto, or any further will executed by the defendant, or any transfers by the defendant of any assets inherited by her from her late husband's residuary estate, are not null and void as barred by the contract between the defendant and her late husband.

On May 14, 1997, the defendant and her husband, Vitus Tretter, entered into a written contract (hereinafter the agreement) in which each agreed to execute a last will and testament leaving all of his or her property to the other. In connection with the foregoing, each allegedly executed a will leaving all property to the other or, if predeceased by the other spouse, to their surviving issue. They further agreed that "they will not revoke the Wills executed by them this day, modify them by codicil, or execute any further Wills unless it is by the mutual written consent of the parties."

Following Vitus's death on July 14, 1997, the defendant inherited his residuary estate consisting of, inter alia, several parcels of real property worth several million dollars. The plaintiff, who is one of the children of the defendant and Vitus, and who maintains that he is a third-party beneficiary of the agreement, subsequently commenced this action against the defendant setting forth causes of action, inter alia, (1) to enjoin the defendant from modifying or revoking her will or executing a new will, or from transferring any assets she inherited from Vitus's residuary estate, (2) to declare that any modification or revocation of the defendant's will, or execution of a new will, or transfers of any assets inherited by the defendant from Vitus's residuary estate, are null and void as being in breach of the agreement, and (3) to recover damages for breach of contract based on certain inter vivos transfers of real property made by the defendant to her other two children, and based on any modification or revocation of the defendant's will in violation of the agreement. The Supreme Court denied the plaintiff's motion for preliminary injunctive relief, and granted the defendant's cross motion pursuant to CPLR 3211 (a) (1) and (7). The plaintiff appeals.

A motion pursuant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 996 [2010]). Contrary to the plaintiff's contention, there is nothing in the unambiguous language of the agreement which prevents the defendant from making inter vivos gifts or transfers of assets

she inherited from Vitus's residuary estate (*see Blackmon v Estate of Battcock*, 78 NY2d 735, 741 [1991]; *see generally Matter of Murray*, 84 AD3d 106 [2011]). Accordingly, the Supreme Court correctly, pursuant to CPLR 3211 (a) (1), directed dismissal of the causes of action for injunctive relief and breach of contract to the extent that they are based on any past and future inter vivos transfers of any property inherited by the defendant from Vitus's residuary estate.

Accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference (*see* CPLR 3211 [a] [7]; *Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Raach v SLSJET Mgt. Corp.*, 134 AD3d 792, 793 [2015]), the Supreme Court correctly directed the dismissal of the complaint to the extent that it sought to enjoin the defendant from breaching the agreement by revoking or modifying her will or executing a new will. During the defendant's lifetime, the plaintiff is precluded from maintaining an action predicated upon a breach of the agreement as it relates to the defendant's promise not to revoke or modify her will or execute a new will (*see Brown v Brown*, 12 AD3d 176, 176 [2004], citing *Rubin v Irving Trust Co.*, 305 NY 288, 298 [1953]).

Accordingly, the plaintiff's motion for a preliminary injunction was properly denied.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that any revocation by the defendant of her last will and testament dated May 14, 1997, or execution of any codicil thereto, or any further will executed by the defendant, or any transfers by the defendant of the assets inherited by her from Vitus's residuary estate, are not null and void as barred by the contract between the defendant and her late husband (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Mastro, J.P., Sgroi, Maltese and Duffy, JJ., concur.