■ PEGGY NESTOR, as Successor Administrator of the Estate of OLEG CASSINI, Deceased, Appellant, v PUTNEY TWOMBLY HALL & HIRSON, LLP, et al., Respondents, et al., Defendants. [61 NYS3d 248]—

Appeal from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered July 2, 2013. The order granted the motion of the defendants Putney Twombly Hall & Hirson, LLP, William M. Pollak, and Philip H. Kalban pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

In 1952, Oleg Cassini (hereinafter the decedent) and his wife entered into a property settlement agreement during the pendency of their divorce action. The property settlement agreement ultimately was incorporated by reference into a California final judgment of divorce entered April 7, 1953. In the property settlement agreement, the decedent agreed to leave by testamentary disposition 25% of his net estate to his daughter Christina. Pursuant to a choice-of-law provision, that agreement was to be construed and interpreted in accordance with California law. The decedent's last will and testament did not include a testamentary disposition leaving 25% of his net estate to Christina. After the decedent died in 2006, Christina filed a verified claim asserting her entitlement to 25% of the decedent's net estate, and petitioned for a determination of the validity and enforceability of her claim. The executor of the decedent's

estate moved to dismiss Christina's claim, and Christina cross-moved for summary judgment on the issue of liability. The Surrogate's Court granted Christina's cross motion for summary judgment, subsequently granted leave to reargue and renew, and upon reargument and renewal, adhered to its original determination. This Court, in *Matter of Cassini* (95 AD3d 1311 [2012]), affirmed so much of the order as, upon reargument and renewal, adhered to the original determination.

The executor of the decedent's estate subsequently commenced this legal malpractice action based on the failure of the estate's attorneys to raise in the Surrogate's Court proceeding the defense that Christina's claim was barred by California Civil Procedure Code § 337.5 and 366.3. The defendants Putney Twombly Hall & Hirson, LLP, William M. Pollak, and Philip H. Kalban (hereinafter collectively the Putney defendants) moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them. The Supreme Court granted the motion, and the plaintiff appeals.

On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). The complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, again dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d at 275).

"To prevail in a legal malpractice action, a plaintiff must show that the attorney failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community, that such negligence was the proximate cause of their damages, and that, but for the attorney's negligence, the plaintiff would have prevailed on the underlying claim" (*Perks v Lauto & Garabedian*, 306 AD2d 261, 261 [2003] [internal quotation marks and citation omitted]).

Here, the Supreme Court properly determined that Califor-

nia Civil Procedure Code §§ 337.5 and 366.3 were inapplicable to this action, and that pleading those statutes would not have resulted in a determination that Christina's claim was barred.

"New York courts will generally enforce a clear and unambiguous choice-of-law clause contained in an agreement so as to give effect to the parties' intent" (*Matter of Frankel v Citicorp Ins. Servs., Inc.*, 80 AD3d 280, 285 [2010]). Although this rule applies to "matters of substantive law," procedural matters "are governed by the law of the forum" (*id.* at 285 [internal quotation marks omitted]). "Significantly, the law of the forum normally determines for itself whether a given question is one of substance or procedure" (*id.* at 286 [internal quotation marks omitted]). In determining whether a statute is procedural or substantive, the other state's classification of its statute "is instructive and should not be ignored," but "New York is not bound by, and principles of comity do not prompt [a New York court] to adopt" the other state's classification (*Tanges v Heidelberg N. Am.*, 93 NY2d 48, 54 [1999]).

"In New York, Statutes of Limitation are generally considered procedural because they are [v]iewed as pertaining to the remedy rather than the right" (*id.* at 54-55 [internal quotation marks omitted]). A statute of limitations "does not begin to run until a cause of action accrues" (*id.* at 55). In contrast, "a statute of repose begins to run when the specified event or events takes place, regardless of whether a potential claim has accrued or, indeed, whether any injury has occurred" (*id.*; see *Blatz v Westinghouse Elec. Corp.*, 274 AD2d 491, 491 [2000]). "The repose period serves as an absolute barrier that prevents a plaintiff's right of action" (*Tanges v Heidelberg N. Am.*, 93 NY2d at 55 [internal quotation marks omitted]). "In other words, the period of repose has the effect of preventing what might otherwise have been a cause of action from ever arising" (*id.* at 55-56 [internal quotation marks and emphasis omitted]). Statutes of repose "exhibit a substantive texture, nature and consequence that distinguishes them from ordinary limitation provisions" (*id.* at 56). In *Tanges*, in distinguishing statutes of repose from statutes of limitations, the Court of Appeals noted that it had previously stated that "[i]f a statute creates a cause of action and attaches a time limit to its commencement, the time is an ingredient of the cause" (*id.* [internal quotation marks and emphasis omitted]). In contrast, when a cause of action "was cognizable at common law or by other statute law, a statutory time limit is commonly taken as one of limitations and must be asserted by way of defense" (*id.* [internal quotation marks omitted]).

California Civil Procedure Code § 366.3 (a) provides: "If a person has a claim that arises from a promise or agreement with a decedent to distribution from an estate or trust or under another instrument, whether the promise or agreement was made orally or in writing, an action to enforce the claim to distribution may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply" (Cal Civ Pro Code § 366.3 [a]).

In applying this statute, California courts have referred to it as a statute of limitations (*see In re Estate of Barrett*, 2009 WL 4681003, *1-2, 2009 Cal App Unpub LEXIS 9746, *4-6 [Dec. 9, 2009, No. A124921]; *Ferraro v Camarlinghi*, 161 Cal App 4th 509, 556-557, 559, 75 Cal Rptr 3d 19, 57-60 [2008]; *Woodall v Woodall*, 2008 WL 808692, *12, 2008 Cal App Unpub LEXIS 2554, *35-36 [Mar. 27, 2008, No. H031465]).

Here, contrary to the plaintiff's contention, California Civil Procedure Code § 366.3 is a statute of limitations, not a statute of repose. Unlike a statute of repose, section 366.3 begins to run at the time the cause of action to recover on the promise to make a testamentary disposition accrues, namely, the date of the promisor's death (*see* Cal Civ Pro Code § 366.3 [a]; *Tanges v Heidelberg N. Am.*, 93 NY2d at 55; *Tretter v Tretter*, 150 AD3d 1039 [2017]; *Brown v Brown*, 12 AD3d 176, 176 [2004]; *Alban v Alban Vineyards*, 2009 WL 5067620, *10, 2009 Cal App Unpub LEXIS 10274, *29 [Dec. 28, 2009, No. B211935]; *In re Marriage of Edwards*, 38 Cal App 4th 456, 460, 45 Cal Rptr 2d 138, 141 [1995]). Moreover, California cases analyzing section 366.3 have termed this statute a statute of limitations, not a statute of repose, and in one case, the court found that a defense based on this statute of limitations had been waived because the executor of the estate had not pleaded it (*see Tanges v Heidelberg N. Am.*, 93 NY2d at 56; *In re Estate of Barrett*, 2009 WL 4681003, *1-2, 2009 Cal App Unpub LEXIS 9746, *4-6 [2009]; *Ferraro v Camarlinghi*, 161 Cal App 4th at 556-557, 559, 75 Cal Rptr 3d at 57-60; *Woodall v Woodall*, 2008 WL 808692, *12, 2008 Cal App Unpub LEXIS 2554, *35-36 [2008]). Although the California courts' classification of section 366.3 is not dispositive, it "is instructive and should not be ignored" (*Tanges v Heidelberg N. Am.*, 93 NY2d at 54). Thus, section 366.3 is a procedural statute of limitations, and it would not have applied to Christina's claim against the decedent's estate in New York. Since section 366.3 was inapplicable, the plaintiff would not "have prevailed on the underlying claim" had the Putney defendants raised this defense (*Perks v Lauto & Garabedian*, 306 AD2d at 261).

The plaintiff's argument based on California Civil Procedure Code § 337.5, which provides a 10-year statute of limitations for actions based upon judgments, is also without merit (*see* Cal Civ Pro Code § 337.5). Contrary to the plaintiff's contention, the decedent's failure to comply with the requirement that he leave 25% of his net estate to Christina became actionable only upon his death, not when the final judgment of divorce was issued (*see Tretter v Tretter*, 150 AD3d 1039 [2017]; *Brown v Brown*, 12 AD3d at 176; *Alban v Alban Vineyards*, 2009 WL 5067620, \*10, 2009 Cal App Unpub LEXIS 10274 [2009], \*29; *In re Marriage of Edwards*, 38 Cal App 4th at 460, 45 Cal Rptr 2d at 141). Since there is no dispute that Christina filed her claim within 10 years after the decedent's death, even if the statute applied and the Putney defendants had raised the statute in response to her claim, the result would have been the same, as Christina's claim was timely under the statute (*see Perks v Lauto & Garabedian*, 306 AD2d at 261).

Accordingly, the Supreme Court correctly determined that the complaint failed to state a cause of action (*see* CPLR 3211 [a] [7]), and thus, properly granted the motion of the Putney defendants to dismiss the complaint insofar as asserted against them. Balkin, J.P., Austin, Roman and LaSalle, JJ., concur.