Cassese v SVJ Joralemon, LLC (2019 NY Slip Op 00091)





Cassese v SVJ Joralemon, LLC


2019 NY Slip Op 00091


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-05897
 (Index No. 10806/14)

[*1]Anthony Cassese, et al., plaintiffs-respondents,
v
SVJ Joralemon, LLC, et al., defendants third-party plaintiffs-respondents; Tri-State Elevator Co., Inc., third-party defendant-appellant.


Babchik & Young, LLP, White Plains, NY (Bruce M. Young, William H. Gagas, and Emily Mann of counsel), for third-party defendant-appellant.
Robert J. Berkowitz & Associates, P.C., New York, NY (Andrew D. Weitz of counsel), for plaintiffs-respondents.
Faust Goetz Schenker & Blee LLP, New York, NY (Robert P. Meyerson of counsel), for defendants third-party plaintiffs-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the third-party defendant appeals from an order of the Supreme Court, Kings County (Lisa S. Ottley, J.), dated April 18, 2016. The order denied the third-party defendant's motion pursuant to CPLR 3211(a) to dismiss the third-party complaint.
ORDERED that the order is reversed, on the law, with one bill of costs, and the third-party defendant's motion pursuant to CPLR 3211(a) to dismiss the third-party complaint is granted.
On November 20, 2013, the plaintiff Anthony Cassese (hereinafter the injured plaintiff), an elevator mechanic employed by the third-party defendant, Tri-State Elevator Co., Inc. (hereinafter Tri-State), allegedly was injured when his left hand became trapped within a traction sheave of an elevator located in a building owned and operated by the defendants. The injured plaintiff, and his wife suing derivatively, commenced this action against the defendants, and the defendants commenced a third-party action against Tri-State, inter alia, for contractual and common-law indemnification. The third-party cause of action for contractual indemnification alleged that Tri-State agreed to indemnify the defendants pursuant to a contract dated January 13, 1987, between Tri-State and nonparty Joralemon Arms Company (hereinafter the 1987 contract). Tri-State moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the third-party complaint. The Supreme Court denied the motion, and Tri-State appeals.
"A motion to dismiss on the basis of CPLR 3211(a)(1) should be granted only where the documentary evidence that forms the basis of the defense is such that it refutes the plaintiff's factual allegations or conclusively disposes of the plaintiff's claims as a matter of law" (Schiller v Bender, Burrows & Rosenthal, LLP, 116 AD3d 756, 757; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Held v Kaufman, 91 NY2d 425, 430-431). On a motion to dismiss for failure [*2]to state a cause of action pursuant to CPLR 3211(a)(7), the complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party granted the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88; Nestor v Putney Twombly Hall & Hirson, LLP, 153 AD3d 840, 841). In assessing a motion under CPLR 3211(a)(7), a court may freely consider affidavits and other evidence submitted by the plaintiff to remedy any defects in the complaint (see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591; Leon v Martinez, 84 NY2d at 88; Cadet-Duval v Gurism Holding, Inc., 147 AD3d 718, 719). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Workers' Compensation Law § 11 prohibits third-party claims for indemnification against an employer unless the employee has sustained a "grave injury" or there is a written contract entered into prior to the accident or occurrence by which the employer had expressly agreed to contribution to or indemnification of the third-party claimant (Workers' Compensation Law § 11; see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 367; Muhjaj v 77 Water St., Inc., 148 AD3d 1165, 1166-1167).
Here, Tri-State established its entitlement to dismissal of the third-party cause of action for common-law contribution or indemnification pursuant to CPLR 3211(a)(7). The third-party complaint failed to state a cause of action for common-law contribution or indemnification against Tri-State permitted by the Workers' Compensation Law. Specifically, the third-party complaint failed to allege, either directly or by reference to the plaintiffs' underlying complaint, that the injured plaintiff suffered a "grave injury" as defined by Workers' Compensation Law § 11 (cf. Cueto v Hamilton Plaza Co., Inc., 67 AD3d 722, 724).
Tri-State also established its entitlement to dismissal of the third-party causes of action for contractual indemnification and alleging breach of contract for failure to procure insurance pursuant to CPLR 3211(a)(1). The 1987 contract relied on by the defendants in the third-party complaint and submitted by Tri-State in support of its motion conclusively disposes of the third-party causes of action for contractual indemnification and alleging breach of contract for failure to procure insurance as a matter of law. That contract contained no express agreement by the employer to indemnify the defendants for injuries of the kind alleged in this case or to procure insurance (cf. Rodrigues v N & S Bldg. Contrs., Inc., 5 NY3d 427, 432-433; Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492).
Accordingly, the Supreme Court should have granted Tri-State's motion to dismiss the third-party complaint.
BALKIN, J.P., SGROI, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court