Matter of Cassini (2020 NY Slip Op 01055)





Matter of Cassini


2020 NY Slip Op 01055


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2015-11775

[*1]In the Matter of Oleg Cassini, deceased. Marianne Nestor Cassini, petitioner-appellant; Peggy Nestor, respondent-appellant; John J. Barnosky, etc., et al., objectants-respondents. (File No. 343100G)


Seddio & Associates, P.C., Brooklyn, NY (Frank R. Seddio and Mischel & Horn, P.C. [Scott T. Horn], of counsel), for petitioner-appellant, and Peggy Nestor, New York, NY, respondent-appellant pro se (one brief filed).
Farrell Fritz, P.C., Uniondale, NY (John J. Barnosky pro se and Robert M. Harper of counsel), for objectants-respondents.



DECISION & ORDER
In a probate proceeding in which Marianne Nestor Cassini, the former executor of the estate of Oleg Cassini, petitioned for judicial settlement of her intermediate account of the estate, Marianne Nestor Cassini appeals, and Peggy Nestor separately appeals, from an order of the Surrogate's Court, Nassau County (Edward W. McCarty III, S.), dated November 5, 2015. The order, insofar as appealed from, granted those branches of the objectants' motion which were for summary judgment sustaining certain objections to the account of the estate and denied that branch of the cross motion of Marianne Nestor Cassini which was for summary judgment dismissing objection 34 to the account of the estate.
ORDERED that the appeal by Peggy Nestor from so much of the order as denied that branch of the cross motion of Marianne Nestor Cassini which was for summary judgment dismissing objection 34 to the account of the estate is dismissed, as Peggy Nestor is not aggrieved by that portion of the order (see Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as appealed from by Marianne Nestor Cassini and insofar as reviewed on the appeal by Peggy Nestor; and it is further,
ORDERED that one bill of costs is awarded to the objectants-respondents.
This appeal is one of several arising out of a protracted and vigorously contested probate proceeding involving the estate of the internationally renowned fashion designer Oleg Cassini (hereinafter the decedent), who died in March 2006. In 1952, the decedent and his then-wife Gene Tierney entered into a "Property Settlement Agreement" (hereinafter the PSA) that was incorporated by reference into a California final judgment of divorce entered April 7, 1953. In the PSA, the decedent agreed to leave by testamentary disposition at least one-half of his net estate to his daughters Daria Cassini (hereinafter Daria) and Christina Cassini (hereinafter Christina), in equal portions. Pursuant to a choice-of-law provision, the PSA was to be construed and interpreted in accordance with California law.
The decedent's last will and testament did not include testamentary dispositions leaving at least one-half of his net estate to Daria and Christina. After the decedent died in 2006, Marianne Nestor Cassini (hereinafter Marianne), the decedent's widow, was issued letters testamentary as the executor of his estate. Christina filed a claim asserting her entitlement to 25% of the decedent's net estate, and petitioned for a determination as to the validity and enforceability of her claim. Marianne moved to dismiss Christina's claim, and Christina cross-moved for summary judgment on the issue of liability. The Surrogate's Court, inter alia, granted Christina's cross motion for summary judgment, and this Court affirmed (see Matter of Cassini, 95 AD3d 1311).
Marianne subsequently commenced an action to recover damages for legal malpractice in the Supreme Court based, inter alia, on the failure of the estate's attorneys to raise in the Surrogate's Court proceeding the defense that Christina's claim was barred by California Code of Civil Procedure § 366.3. That statute provides that actions to enforce claims arising from a promise or agreement with a decedent to distribution from an estate may be commenced within one year after the date of death (see Cal Code Civ Proc § 366.3[a]). In a decision and order dated August 23, 2017, this Court affirmed the grant of a motion pursuant to CPLR 3211(a)(7) to dismiss portions of the legal malpractice complaint (see Nestor v Putney Twombly Hall & Hirson, LLP, 153 AD3d 840). In doing so, this Court concluded that California Code of Civil Procedure § 366.3 is a procedural statute of limitations, and not a statute of repose, and thus was inapplicable to the Surrogate's Court proceeding in New York (see Nestor v Putney Twombly Hall & Hirson, LLP, 153 AD3d at 842-843). Accordingly, this Court concluded that raising that statute in the Surrogate's Court proceeding would not have resulted in a determination that Christina's claim was barred (see id. at 842).
Meanwhile, Daria died in 2010, and Christina, the sole distributee of Daria's estate, was appointed to serve as the administrator of Daria's estate. Marianne petitioned in the Surrogate's Court to judicially settle the intermediate account of the decedent's estate. Christina, individually and as administrator of Daria's estate, filed objections to the account. After Marianne resigned as executor of the decedent's estate, Christina moved, inter alia, for summary judgment sustaining certain objections to Marianne's account of the decedent's estate. Marianne cross-moved, among other things, for summary judgment dismissing objection 34 to the account of the estate. Following Christina's death in 2015, attorney John J. Barnosky and Alexandre Cassini Belmont (hereinafter
together the objectants) were substituted into the proceeding as executors of Christina's estate and successor administrators of Daria's estate. In an order dated November 5, 2015, the Surrogate's Court, inter alia, granted that branch of the motion which was for summary judgment sustaining certain objections to Marianne's account, and denied that branch of Marianne's cross motion which was for summary judgment dismissing objection 34. Marianne and her sister Peggy Nestor separately appeal from the order dated November 5, 2015.
We agree with the Surrogate Court's determination to grant that branch of the objectants' motion which was for summary judgment sustaining objection 34 to Marianne's account of the estate and to deny that branch of Marianne's cross motion which was for summary judgment dismissing that objection. Objection 34 alleged that Marianne's account of the estate omitted a claim made by Daria asserting her entitlement to 25% of the decedent's net estate. Contrary to Marianne's contention, Daria's claim is not barred by California Code of Civil Procedure § 366.3. We held in Nestor v Putney Twombly Hall & Hirson, LLP (153 AD3d 840) that California Code of Civil Procedure § 366.3 is a procedural statute of limitations, and not a statute of repose, and thus, is inapplicable to this Surrogate's Court proceeding in New York (see Nestor v Putney Twombly Hall & Hirson, LLP, 153 AD3d at 842-843). The appellants are collaterally estopped from relitigating this issue (see Wilson v Dantas, 29 NY3d 1051, 1062; Buechel v Bain, 97 NY2d 295, 303-304). In any event, contrary to the appellants' contention, our holding in Nestor v Putney Twombly Hall & Hirson, LLP (153 AD3d 840) is not inconsistent with Astoria Fed. Mtge. Corp. v Pellicane (78 AD3d 622), which involved a Florida statute providing that two years after the death of a person, neither the decedent's estate, the personal representative, nor the beneficiaries shall generally be liable for any claim or cause of action against the decedent (see Fla Stat Ann § 733.710[1]). The Florida statute, on its face, " wipe[s] out the substantive right'" by declaring nonliability upon the passage of time, while the California statute at issue here " merely suspends the remedy'" (Tanges v Heidelberg N. Am., 93 NY2d 48, 55, quoting Siegel, NY Prac § 34 at 38 [2d ed]).
We also agree with the Surrogate Court's determination to grant those branches of Christina's motion which were for summary judgment sustaining objections 17, 19, 20, 21, 23, 25, and 26. Those objections alleged that Marianne's account of the decedent's estate omitted certain items that had been previously identified as assets of the estate by Marianne in various documents, including a New York State estate tax return executed by Marianne in her capacity as executor of the decedent's estate. Contrary to Marianne's contention, she cannot take a position contrary to that taken in the estate tax return that she signed (see Mahoney-Buntzman v Buntzman, 12 NY3d 415, 422; Man Choi Chiu v Chiu, 125 AD3d 824, 826; Czernicki v Lawniczak, 74 AD3d 1121, 1125; Acme Am. Repairs, Inc. v Uretsky, 39 AD3d 675, 676-677).
In light of our determination, we need not reach the objectants' remaining contentions.
SCHEINKMAN, P.J., LEVENTHAL, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court